THE CITY OF CORAL GABLES v. L. V. NEILL.

182 So. 432.
Opinion Filed July 1, 1938.

*Morton B. Adams,* for Plaintiff in Error;

*Carson & Petteway, Lyle D. Holcomb* and *John H. Stembler,* for Defendant in Error.

Per Curiam.—We review on writ of error judgment in favor of plaintiff for damages accruing by wrongful death of plaintiff's wife.

A bus operated by defendant struck and killed plaintiff's wife on a public street.

The verdict was as follows: "We, the jury, find for the Plaintiff, and assess his damage in the sum of Nine Thousand and No Hundredths ($9,000.00) dollars."

The declaration contained no allegations of special damages.

Plaintiff was allowed over timely objection of defendant to prove that he expended the sum of $645.11 in funeral and burial expenses of deceased. Funeral expenses, if recoverable at all, must be claimed in proceedings as special damages. Sutherland on Damages (4th Ed.) Sec. 1278, p. 4951; International Shoe Co. v. Hewett, 123 Fla. 587, 167 So. 7.

The Court charged the jury, "And if you find a verdict for the plaintiff it will also be your duty to determine the reasonable funeral and burial expenses caused plaintiff by the death of his deceased wife and to add such amount to any other damages you may award to the plaintiff."

This was error in the state of the pleadings.

We have considered all questions presented and find no reversible error disclosed upon consideration of the entire record. The error above referred to may be cured by remittitur. Therefore, if the plaintiff shall within ten days of the going down of the mandate, enter a remittitur in

the court below in the sum of $645.11, judgment shall stand as of the original date thereof for the remainder. Otherwise, the judgment shall stand reversed and the cause be returned to the docket for new trial.

So ordered.

Affirmed on condition of remittitur.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.